# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CECIL BOYETT,

    Plaintiff,

vs.                                                         No. 18-cv-738 MV/KBM

THE GEO GROUP, INC., *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Before the Court is Plaintiff's *Pro Se* Tort Complaint (Doc. 1-1), which was removed to this Court on August 2, 2018. Plaintiff contends that prison officials were deliberately indifferent to his medical needs after he sustained a knee injury. Having reviewed the matter under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 1915A, the Court will dismiss the Complaint but grant leave to amend.

## I. Background[1]

    Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF). (Doc. 1-1). He alleges that in February 2018, he received a new pair of eyeglasses that contained the incorrect prescription. *Id.* at 11. On or about March 6, 2018, he misjudged the distance between two steps and fell on his right knee. *Id.* Plaintiff did not initially believe that he was seriously injured, although he experienced a moderate amount of pain. *Id.* Two days later, Plaintiff twisted his right knee while sitting down. *Id.* He heard a popping noise and experienced a sharp, severe pain. *Id.*

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

Between March 9, 2018 and March 15, 2018, Plaintiff submitted several sick-call slips to prison officials. *Id.* He reported pain and difficulty standing and walking. *Id.* A nurse dispensed ibuprofen on March 15, 2018, and prison officials stated that Plaintiff would be seen by a doctor on March 19, 2018. *Id.* at 11-12. Instead of providing care for his knee that day, prison officials transported Plaintiff to the Hobbs Hospital for a preexisting abdominal ultrasound appointment. *Id.* at 12. Plaintiff was shackled and chained during the trip, which was very painful in light of his knee injury. *Id.*

Plaintiff continued to seek medical attention for his knee over the next few days. (Doc. 1-1) at 12. On March 26, 2018, a prison doctor examined Plaintiff and diagnosed with him with a torn anterior cruciate ligament (ACL). *Id.* The prison doctor did not order x-rays or recommend surgery. *Id.* Instead, he ordered a knee brace and provided Plaintiff with a six-inch Ace bandage. *Id.* Between March 29, 2018 and April 4, 2018, Plaintiff submitted about four sick-call requests for his knee brace and a new pair of eyeglasses. *Id.* He received the neoprene knee brace on April 4, 2018, but Plaintiff alleges that it was flimsy. *Id.* at 13. Plaintiff continued to submit sick-call requests and grievances, which were mostly ignored. *Id.* He still experiences knee pain and has trouble walking. *Id.* On May 19, 2018, Plaintiff saw the prison optometrist, but the nurse refused to order his new eyeglasses on a priority basis. *Id.*

On June 12, 2018, Plaintiff filed the complaint in New Mexico's Fifth Judicial District Court, Case No. D-506-CV-2018-1085. (Doc. 1-1). The Complaint lists five Defendants:

(1) The GEO Group, Inc.;

(2) Warden Raymond Smith;

(3) Acting Warden Vincent Horton;

(4) Chief Administrative Custodial Warden Dwight Sims; and

(5) Centurion Health Care.

(Doc. 1-1 at 2-3). Plaintiff seeks $700,000 in damages under 42 U.S.C. Section 1983, the Eighth Amendment, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and state tort law.

Defendant GEO Group removed the Complaint to Federal Court on August 2, 2018. (Doc. 1). GEO Group contends that the Complaint fails to state a claim under Rule 12 (b)(6) (Doc. 2).

## II. Preliminary Motions

As an initial matter, Plaintiff asks the Court to grant leave to proceed *in forma pauperis* (Doc. 4). Such relief is unnecessary because the removing party, GEO Group, already paid the $400 civil filing fee. The *in forma pauperis* motion (Doc. 4) will be denied as moot, and Plaintiff need not worry about the federal filing fee. *See Woodson v. McCollum,* 875 F.3d 1304 (10th Cir. 2017) (reversing district court for requiring inmate to comply with the *in forma pauperis* statute in a removed case).

Plaintiff also asks the Court to appoint counsel (Doc. 5) to assist with this civil rights action. However, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel,* 820 F.3d at 397. The claims here are not particularly complex, and it is currently unclear whether this case will survive screening. The Court therefore declines to request *pro bono* assistance at this

time, and the motion (Doc. 5) will be denied without prejudice.

### III. Screening the Complaint Under Rule 12(b)(6) and Section 1915A

Fed. R. Civ. P. 12(b)(6) requires the Court to accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The complaint must set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Where, as here, a prisoner civil rights action is removed from state court, the Court must also perform a screening function under 28 U.S.C. Section 1915A. Under that section, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint … is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). In conducting the Section 1915A review, the pleadings of the *pro se* prisoner "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should

4

ordinarily be given the opportunity to cure defects in the original complaint, unless it is clear that any amendment would be futile. *Id.* at 1109.

The Complaint here primarily raises constitutional claims under the Eighth Amendment and 42 U.S.C. Section 1983. (Doc. 1-1). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's complaint fails to meet this standard, for two reasons. First, it is unclear how the Defendants (all Wardens and entities) were personally involved in the constitutional violation. To "succeed on a § 1983 supervisory-liability claim," the plaintiff must show that "the defendant 'promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm' and 'acted with the state of mind required to establish the alleged constitutional deprivation.'" *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). A similar rule applies to entity defendants. To be liable under Section 1983, the entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1216 (10th Cir. 2003). The instant Complaint alleges that Defendants "seem to thrive on forcing injured inmates … to litigate their claims." (Doc. 1-1 at 7). This information, if true, does not demonstrate how the deprivation of

5

medical care resulted from any specific policy promulgated by the Wardens (Smith, Horton, and Sims) or the entity Defendants (Geo Group Inc. and Centurion Health Care).

Further, even if Plaintiff named had any responsible individuals, the Complaint contains insufficient information to conclude that any such individuals were deliberately indifferent to his medical needs. Prison officials can be liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). "The 'substantial harm requirement' can be met by showing 'lifelong handicap, permanent loss, or considerable pain.'" *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). The subjective component is met where "the official was subjectively aware of the risk,' . . . and [] the official 'recklessly disregard[ed] that risk.'" *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted). The Complaint does not sufficiently describe the extent of Plaintiff's injury or handicap (*i.e.,* the extent to which the injury impacts mobility), or allege that any individual was subjectively indifferent to his medical problems. Consequently, the Complaint fails to state an Eighth Amendment claim.

Plaintiff further alleges that the failure to provide medical care violates the ADA. The Tenth Circuit has consistently held that "[t]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation." *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (unpublished); *see also Moore v. Prison Health Serv., Inc.*, 201 F.3d 448, 1999 WL 1079848, at *1 (10th Cir. 1999) (holding that the ADA "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities") (unpublished). Plaintiff's

ADA claim therefore fails as a matter of law.

Based on the foregoing, the Court will grant GEO Group's Motion to Dismiss (Doc. 2), in part. The Court will dismiss the Complaint without prejudice and allow Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). If Plaintiff's federal claims survive initial review, the Court will decide at that time whether to exercise supplemental jurisdiction over any state law claims. The amended complaint should provide more information about what state law claims, if any, Plaintiff wishes to pursue, as well as the identity of each alleged wrongdoer, and what each such individual did to cause the deprivation of medical care to Plaintiff. "It is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Further, the amended complaint should identify what harm, if any, Plaintiff suffered, and which Defendants knew about his medical condition and in what way each such Defendant recklessly disregarded it.

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable federal claim, the Court may dismiss and/or remand the case without further notice. The Court finally notes that any amended complaint is subject to screening under 28 U.S.C. Section 1915A. If the amended complaint survives initial review, the Court will order Defendants to file a responsive pleading. Until that time, Defendants are not required to

respond to any amended complaint.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 4**) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 5**) is **DENIED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Defendant GEO Group's Motion to Dimiss (**Doc. 2**) is **GRANTED, IN PART**; Plaintiff's Civil Rights Complaint (**Doc. 1-1**) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A; and Plaintiff may file an amended complaint within thirty (30) days of entry of this order.

_____
HON. MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE